UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUTH M. BISHOP and FREDERICK M. HUTCHINSON, wife and husband, a marital community composed thereof,

Plaintiffs,

v.

HARTFORD LIFE INSURANCE COMPANY a company doing business in the State of Washington, et al.,

Defendants.

C08-79Z

ORDER

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment, docket no. 9, and Defendants' Cross Motion for Summary Judgment, docket no. 10. The Court GRANTS Defendants' Motion for Summary Judgment, DENIES Plaintiffs' Motion and orders that this case be DISMISSED for reasons stated in this Order.

# **BACKGROUND**

Plaintiff Ruth Bishop purchased an insurance policy from Defendant Hartford Life and Accident Insurance Company (HLA) through a group plan that HLA had issued to AAA of Washington. Seltzer decl., docket no. 12, at 6-8 & ¶ 3. The policy became effective on June 1, 2006, and provides coverage for both Ms. Bishop and her husband, Plaintiff

ORDER 1–

Frederick Hutchinson. Attachments to Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Attachments"), docket no. 9, at 1.

On July 10, 2006, Mr. Hutchinson fell getting into his car in a Safeway parking lot and tore a ligament in his left leg. Hutchinson decl., docket no. 9, at ¶¶ 2-3. He was taken to the Group Health Cooperative emergency room, but x-rays revealed no injury and he was sent home. Id.; Seltzer decl., docket no. 12, at 36. Mr. Hutchinson went back to the hospital on July 19, having sprained his ankle as a result of decreased mobility in his knee. Seltzer decl., docket no. 12, at 30. On October 31, 2006, Mr. Hutchinson underwent surgery to repair his torn tendon. Hutchinson decl., docket no. 9, at ¶ 4. According to Mr. Hutchinson, he spent two nights and three days in the hospital. Id. His discharge papers, however, identify his surgery as having taken place at an "Outpatient Surgery Center" with discharge to "Home w/Home Health." Seltzer decl., docket no. 12, at 29.

The insurance policy with HLA entitles an insured to a payment of $300 per day of hospital "confinement," with an additional $300 per day recuperation benefit for an equal number of days. Plaintiffs' Attachments at 1. Under the policy's definitions, "confinement" means being admitted to a hospital for inpatient care and being "charged for at least one day's room and board." Id. at 3. The policy provides that the first day of confinement "must occur within 90 days of the accident." Id. Additionally, an insured is entitled to a $300 flat fee once per year for being treated "as an outpatient in an outpatient unit of a Hospital." Id. at 4.

Ms. Bishop filled out a claim under her policy on December 7, 2006. Seltzer decl., docket no. 12, at 10. On December 20, HLA requested emergency room bills and bills documenting days of confinement ("the Bills"). Id. at 16. HLA again requested the Bills on January 19, 2007. Id. at 17. On February 5, Plaintiffs' counsel sent a printout of Mr. Hutchinson's "Explanation of Benefits Statement" from Group Health and a demand for payment of more than $17,000 in medical expenses. Id. at 18-21. The statement lists 33

ORDER  2–

items of "patient responsibility" charges, incurred for various medical procedures, but specifies that it is "not a bill." Id. None of the charges indicate an emergency room stay or any time spent "confined" at a hospital. HLA again requested the Bills on February 19, 2007. Id. at 25. The next letter sent by HLA, dated April 2, stated that HLA had received no response to their requests for the Bills and that Mr. Hutchinson's claim was being closed. Id. at 26. On April 10, HLA received a letter sent by Plaintiffs' counsel including medical records that showed Mr. Hutchinson had received emergency room care on July 10, 2006, and that he had undergone outpatient surgery on October 31, 2006. Id. at 26-37 & ¶ 12. HLA then made a payment of $300 for the outpatient services Mr. Hutchinson received on the day of his injury, but denied any further obligation. Id., at ¶ 13.

On October 24, 2007, Plaintiffs sued HLA and Hartford Life Insurance Company in King County Superior Court for failing to provide Plaintiffs' insurance policy benefits. Plaintiffs assert claims of breach of fiduciary duties, violation of the Washington Consumer Protection Act (CPA), violations of the Washington Insurance Commissioner's administrative regulations, negligence, breach of contract, and bad faith. On January 17, 2008, Defendants removed the case to federal court.

## DISCUSSION

**Standard**

The Court may grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably

ORDER 3–

drawn. Id. at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. See Miller v. Glenn Miller Prod., Inc., 454 F.3d 975, 932 (9th Cir. 2006).

### 1. Breach of Contract

"The court examines the terms of an insurance contract to determine whether under the plain meaning of the contract there is coverage." Kitsap County v. Allstate Ins. Co., 136 Wn.2d 567, 576 (1998). Terms defined in a policy are interpreted in accordance with that definition. Id. Undefined terms are given their "plain, ordinary, and popular" meaning. Id. Mr. Hutchinson's policy required that he be "confined" to a hospital within 90 days of his injury in order to receive Accidental Hospital Income Benefits of $300 dollars per day. Plaintiffs' Attachments at 3 ("The first day of Confinement must occur within 90 days after the accident."). The policy defines "confinement" as: "being admitted to a Hospital for receiving inpatient hospital services" and being "charged for at least one day's room and board by the hospital for each time a Covered person is admitted as an inpatient."

According to Mr. Hutchinson, he was injured and went to the emergency room on July 10, 2006, but was sent home rather than being "confined." Hutchinson decl., docket no. 9, at ¶ 2-3. The first day Mr. Hutchinson alleges he was "confined" within the policy's definition is October 31, 2006—112 days after his injury.[1] Id. at ¶ 4. Plaintiffs argue, citing no authority, that the policy requirement that a confinement occur within 90 days of an injury is "not an exclusion" and "does not affect the coverage." Plaintiffs' Reply, docket no. 16, at 2. On the contrary, Washington courts have held that language similar to the language at issue here is exclusionary. See, e.g., McDonald v. State Farm Fire and Cas. Co., 119 Wn.2d 724, 728-29 (1992) (policy provision requiring that suit against insurer "must" occur

---

[1] There is a factual issue as to whether Plaintiff Hutchinson was ever "confined" or was discharged to "Home w/Home Health" after his outpatient surgery. However, this factual dispute is not material to the Court's determination because Plaintiff does not contend he was ever "confined" within 90 days of his injury.

ORDER 4–

within one year is exclusionary). Furthermore, as Defendants point out, the same paragraphs of "small print" that Plaintiffs ask the Court to ignore are also the foundation for Plaintiffs' claims. Plaintiffs cannot ask that the Court only look to the portions of "small print" that are in their favor. "An insurance policy is construed as a whole . . . ." <u>Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.</u>, 144 Wn.2d 130, 137 (2001). By the terms of their policy, Plaintiffs' do not qualify for any Accidental Hospital Income Benefits.

Recuperation Benefits, which Plaintiffs also demand, are only available to the extent that Accidental Hospital Income Benefits are paid. Plaintiffs' Attachments at 4 (Recuperation Benefits "will be paid for the same number of days for which the Accident Hospital Income Benefit is paid under the policy."). Because Plaintiffs are not entitled to Accident Hospital Income Benefits, they do not qualify for Recuperation Benefits either.

As for "Outpatient Care Unit Benefits," the policy states unambiguously that this benefit will be paid no more than once per year in the amount specified in the schedule of benefits: $300 in this case. Plaintiffs' Attachments at 4. Plaintiffs concede that Defendants have made this payment.

Plaintiffs fail to raise any material issue of fact. Defendants have made all payments required under Plaintiffs' policy and are entitled to summary judgment on Plaintiffs' breach of contract claim.

**2. Other Claims**

**a. Bad Faith, Breach of Fiduciary Duty, Negligence**

Plaintiffs' claims of bad faith, breach of fiduciary duty and negligence are based on the premise that Defendants breached a duty to promptly and in good faith "investigate and pay plaintiff's claim." Complaint, docket no. 2, ¶¶ 3.2, 6.1, 8.2. Defendants began their investigation less than a week after they received notice of Plaintiffs' claim. Seltzer decl., docket no. 12, ¶ 4-5. Defendants have introduced evidence that after they received documentation of Mr. Hutchinson's emergency room treatment, Plaintiffs were sent

ORDER 5–

appropriate payment. Id. at ¶ 12-13. Plaintiffs have produced no evidence that the payment was untimely or that Defendants acted in bad faith. Defendants are entitled to summary judgment on each of these claims.

### b. "Breach of Administrative Duties"; Violation of Washington CPA

Plaintiffs also claim "breach of administrative duties" and violation of the CPA for Defendants' alleged failure to comply with administrative regulations promulgated by the Washington Insurance Commissioner (WAC 284-30-330). Defendants incorrectly argue that no private cause of action exists for violations of WAC 284-30-330, and that the regulations are only "standards to guide state regulation of the ongoing conduct of insurance companies." On the contrary, the Washington Supreme Court has established that "a single violation of WAC 284-30-330 constitutes a statutorily proscribed unfair trade practice" under RCW 48.30.010 with a cause of action under the CPA. Indus. Indem. Co. of the Northwest, Inc. v. Kallevig, 114 Wn.2d 907, 924 (1990). Nonetheless, there is no evidence that Defendants violated any WAC requirement giving rise to a claim.

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' Motion for Summary Judgment, docket no 10, and DENIES Plaintiffs' Motion for Summary Judgment, docket no. 9. The Clerk is directed to enter final judgment in favor of Defendants with taxable costs.

IT IS SO ORDERED.

DATED this 19th day of August, 2008.

_____
Thomas S. Zilly
United States District Judge

ORDER 6–